# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                            **Case No. 06-CR-176**

**CHARISSE REED**
        **Defendant.**

## SENTENCING MEMORANDUM

The government charged defendant Charisse Reed with conspiracy to commit money laundering, contrary to 18 U.S.C. § 1956(h) & (a)(1)(B)(i), arising out of her agreement to act as the straw purchaser of a car for her godson, a drug dealer. Defendant pleaded guilty to the charge, and the probation office prepared a pre-sentence report ("PSR") setting her offense level at 11 and her criminal history category at I, producing an imprisonment range of 8-14 months under the advisory sentencing guidelines. Neither side objected to the PSR. Upon consideration of all of the factors set forth in 18 U.S.C. § 3553(a), I imposed a sentence slightly below the advisory range.

## I. SENTENCING FACTORS

In imposing sentence, the court must consider the factors set forth in § 3553(a), which include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in sub-section (a)(2).

## II. DISCUSSION

### A. Nature of Offense

As indicated above, defendant agreed to be the straw purchaser of a car for her godson Michael Riley, a Milwaukee-area drug trafficker. Riley used $7000 in drug proceeds as a down payment and financed the rest, with defendant listed as the owner of the car, which was customized for and exclusively used by Riley. Defendant did not profit from the transaction; she committed the offense solely as a favor to Riley. Further, she had limited knowledge of Riley's drug activities, and this transaction was her only foray into money laundering. After the offense came to light, the government forfeited the car, but defendant was still required to pay off the loan taken out in her name.

**B.     Character of Defendant**

Defendant was forty-eight years old and had no prior criminal record, only two municipal ordinance violations. She also had a solid employment history, working for Milwaukee Public Schools for the past eleven years. Her principal thought highly of her, stating that her work was "consistently exceptional."

Defendant had three adult children of her own. The youngest, a college student, made positive statements to the PSR writer, indicating that he would not be where he was without her help. Defendant's mother, who suffered from bone disease and kidney problems, also spoke highly of defendant, who helped her a great deal.

**C.     Purposes of Sentencing**

Given her age, lack of record and the circumstances surrounding her involvement in this offense, I saw no likelihood that defendant would re-offend, and the public did not need to be protected from her. 18 U.S.C. § 3553(a)(2)(C). While the crime was serious, given defendant's limited role in it, I did not believe that confinement in prison was necessary to provide just punishment; community confinement was sufficient to satisfy that need. § 3553(a)(2)(A). I also considered the fact that defendant had been punished by having to pay for Riley's forfeited car, which she never used, a significant financial hardship for someone of her limited income. I further found that the criminal process was sufficiently stressful to deter defendant from re-offending, and that prison time was not needed to fulfill that purpose. Likewise, I concluded that the prospect of a felony conviction, lengthy supervision, and community confinement was sufficient to deter others in defendant's situation from offending. § 3553(a)(2)(B). Defendant had no correctional treatment needs. § 3553(a)(2)(D).

3

**D.  Guidelines**

The guidelines called for a term of 8-14 months, which fell within Zone C and allowed a split sentence of ½ prison and ½ community confinement. For the reasons stated, the prison component was not necessary to satisfy the purposes of sentencing. I instead imposed a period of supervision with home confinement. This sentence varied from the guideline range by just 1 level and was supported by the particular facts of the case and thus did not create unwarranted disparity. § 3553(a)(6).

## III.  CONCLUSION

Therefore, I placed defendant on probation for a period of three years. I imposed a middle-length term to ensure that defendant was monitored and satisfied the other terms of the sentence; given her lack of criminal record and employment history a lengthy term was not necessary. As conditions, I ordered that, inter alia, defendant serve a six month period of home confinement and provide disclosure of her financial information to the supervising probation officer. Other conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge